PHILAD'A,
May, 1817.

The Com'th
v.
Levy.

---

## GENERAL SESSIONS.

### NEW YORK, JANUARY, 1823.

*The People*
vs.                    } FALSE PRETENCES.
*John Tilton.*

Present—Honourable *Richard Riker*, Recorder.

*Maxwell*, District Attorney, Counsel for The People.
*Price*, Counsel for the Prisoner.

In this case the prisoner was indicted for obtaining from the captain of a vessel certain goods belonging to the firm of Titus & Townsend, stating that he had been sent by them for the property.

Onus pro-
bandi—on
whom it lies.

Townsend was introduced and stated that he did not send for them, and that he thought it probable his partner was out of the city at the time, but could not say with certainty. The goods were never delivered to Titus and Townsend.

*Price* contended, in an able argument, that it was neces-

N'W YORK,
Jan. 1823.

The People
v.
Tilton.

sary that Titus should be introduced to prove that *he* did not send for them.

*By the Court.* It is our opinion that the evidence already introduced is prima facie sufficient to convict the prisoner. If he wished. it to be believed that Titus sent him, he should have been introduced as a witness to that fact. We are clearly of opinion that the *onus probandi\** has. been cast upon him. The jury, however, are to decide this fact, as well as all other things connected with the case. If they entertain reasonable doubt whether Titus did or did not send the prisoner, it is their duty to acquit.

The jury found the prisoner *Guilty.*

\*Note.—It is a well-settled rule of law, that the prosecutor must prove every essential averment in the indictment which enters into the substance of the charge. But the rule will be satisfied if he proves so much of the indictment as shows that the defendant has been guilty of a substantive crime. 1 Chitty's Cr. L. 558. A defendant may be found guilty upon a count in an information which charges him with having composed, printed, and published a libel, if he is proved to have *published* without any evidence that he was implicated in the *composition.* Chitty, 294, 558. 2 Camp. 584. If negative averments be introduced to show that the case is not within any of the exceptions recognized by a legislative provision, which it would be his duty to produce, as matters of defence, if he could avail himself of their benefit, there will be no necessity to support those allegations in evidence. 2 East's P. C. But when the law presumes the affirmative of any fact, the negative must be proved by the party averring it in pleading; and when any act is required to be done by one, the omission of which would make him guilty of a criminal

neglect of duty, the law presumes the affirmative, and throws the burden of proving the negative on the party who insists on it. I Chitty's Cr. L. 559. 3 East, 192. 3 Campb. 10. 12.